

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

8-4-2009

# Donald Mackay Jr. v. Keenan Mercedes Benz

Precedential or Non-Precedential: Non-Precedential

Docket No. 09-1825

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Donald Mackay Jr. v. Keenan Mercedes Benz" (2009). *2009 Decisions.* Paper 860.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/860

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 09-1825
_____

DONALD FRANCIS MACKAY, JR.,
                                    Appellant

v.

KEENAN MERCEDES BENZ

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 09-cv-00033 )
District Judge:  Honorable Anita B. Brody
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
August 4, 2009


Before:  RENDELL, FUENTES AND ALDISERT, Circuit Judges

(Opinion filed: August 4, 2009)
_____

OPINION
_____

PER CURIAM

    Appellant Donald Francis Mackay, Jr. seeks review of the March 6, 2009 order of

the District Court denying reconsideration of its decision to dismiss Mackay's civil

complaint for lack of subject matter jurisdiction.  For the following reasons, we will

affirm.

In January 2009, Mackay filed a complaint in the United States District Court for the Eastern District of Pennsylvania alleging that Keenan Mercedes Benz ("Keenan"), failed to appropriately repair his fully restored 1962 Mercedes Benz. After waiting nearly two years for Keenan to make the necessary repairs, Mackay filed suit seeking to force Keenan to pay a different Mercedes Benz dealer to make the proper repairs. The District Court dismissed Mackay's complaint for lack of jurisdiction and later denied his motion for reconsideration.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291, and our review of the District Court's dismissal for lack of subject matter jurisdiction is plenary. See Frett- Smith v. Vanterpool, 511 F.3d 396, 399 (3d Cir. 2008).

Upon review, we find that the District Court correctly concluded that it lacked jurisdiction over Mackay's complaint. See Fed. R. Civ. P. 12(h)(3). First, Mackay's complaint presented no federal question jurisdiction as it did not allege that Keenan violated any federal statute or the United States Constitution. Second, jurisdiction could not be based upon diversity of citizenship between the parties because Mackay and Keenan are both citizens of the Commonwealth of Pennsylvania. See 28 U.S.C. § 1332(a). Therefore, the District Court correctly concluded that it lacked subject matter jurisdiction over Mackay's complaint and correctly denied his motion for reconsideration.

For the foregoing reasons, we will affirm the District Court's decision to dismiss

Appellant's complaint. Although the District Court did not specify, the dismissal is without prejudice. In light of our disposition, we also deny Appellant's petition for expedited relief as moot.